| | |
|---|---|
| 1 | Timothy A. Lukas (Nevada Bar No. 4678) |
| 2 | Robert C. Ryan (Nevada Bar No. 7164) |
| | Tamara Reid (Nevada Bar No. 9840) |
| 3 | HOLLAND & HART LLP |
| | 5441 Kietzke Lane, Second Floor |
| 4 | Reno, Nevada 89511 |
| | 775-327-3000 (tel.); 775-786-6179 (fax) |
| 5 | Email:  tlukas@hollandhart.com |
| | rcryan@hollandhart.com |
| 6 | treid@hollandhart.com |

7

*Attorneys for Defendants*
8  Dean Meiling, Madylon Meiling, Chemeon Surface Technology, LLC, Metalast Surface
   Technology, LLC, D&M-MI, LLC, DSM Partners, Ltd., and Meiling Family Partners, Ltd.
9

**UNITED STATES DISTRICT COURT**

10

**DISTRICT OF NEVADA**

11

| | | |
|---|---|---|
| 12 | JERRY ALEXANDER, MARTY COHEN, CHARLES DELLE DONNE, RICHARD SCOTT ELDER, ANRIE GETTELSON, MARC HARRIS, JERRY HOLLANDER, ELIAS KASSOUF, JEFF MACKINEN, DON MARSHALL, JERRY McDONALD, RON MELANSON, KEN MILES, MARVIN MILLS, MARC MORIN, ROBERT PARKER, DENNIS POULSEN, RON SMITH, ANDREW TANNER, CRAIG TIEFENTHALER, VIRGINIA WALLACE and GERALD WOLFE, on behalf of themselves and all others similarly situated, | CASE NO.:  3:16-cv-00572-MMD-VPC<br><br>**JOINT MOTION TO EXTEND CASE DEADLINES**<br>**(Second Request)** |
| 19 | Plaintiff, | |
| 20 | v. | |
| 21 | DEAN MEILING, MADYLON MEILING, JAMES PROCTOR, JANET CHUBB, individuals, CHEMEON SURFACE TECHNOLOGY, LLC, METALAST SURFACE TECHNOLOGY, LLC, D&M-MI, LLC, DSM PARTNERS, LTD., MEILING FAMILY PARTNERS, LTD., and MERIDIAN ADVANTAGE, | |
| 25 | Defendants. | |

26

27

28

Under Fed. R. Civ. P. 1 and 26, and LR IA 6-1(a) and LR 26-4, Defendants Dean Meiling, Madylon Meiling, Chemeon Surface Technology, LLC, Metalast Surface Technology, LLC, D&M-MI, LLC, DSM Partners, Ltd., and Meiling Family Partners, Ltd. (together the "Meiling Defendants"), James Proctor and Meridian Advantage (together "Defendant Proctor"), and Janet Chubb ("Defendant Chubb"), by and through their respective counsel, respectfully request that class certification, discovery, case management reports, Fed. R. Civ. P. 26 requirements, initial and expert disclosure, summary judgment, and trial related deadlines be extended and that the Court order that the Parties[1] file a status update and proposed schedule within 14 calendar days after a ruling is entered on the Motions to Dismiss, as to all remaining claims and parties.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants request a stay of discovery, motion, and trial deadlines in this matter. Currently, the Meiling Defendants, Defendant Proctor, and Defendant Chubb have filed separate motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12 (the Meiling Defendants, ECF No. 28; Defendant Proctor, ECF No. 36; and Defendant Chubb, ECF No. 31), which have been fully briefed and are pending with the Court (collectively the "Motions to Dismiss").

The Motions to Dismiss are meritorious and address the fundamental inability of the Plaintiffs[2] to assert their claims– including the absence of jurisdiction for this Court to hear the claims. Specifically, Defendants contend that Plaintiffs impermissibly seek to re-litigate a state court receivership action that occurred over three-years ago and that the claims are barred by claim preclusion and the statute of limitations. Defendants further contend that this Court lacks

---

[1] The term the "Parties" refers to Plaintiffs and Defendants collectively.

[2] The term "Plaintiffs" refers to Plaintiffs Jerry Alexander, Marty Cohen, Charles Delle Donne, Richard Scott Elder, Anrie Gettelson, Marc Harris, Jerry Hollander, Elias Kassouf, Jeff Mackinen, Don Marshall, Jerry McDonald, Ron Melanson, Ken Miles, Marvin Mills, Marc Morin, Robert Parker, Dennis Poulsen, Ron Smith, Andrew Tanner, Craig Tiefenthaler, Virginia Wallace and Gerald Wolfe.

jurisdiction to hear this case and that Plaintiffs lack standing to assert their claims because they are derivative claims belonging to the company. Finally, the Motions to Dismiss address the defective allegations in the Complaint, which lack the requisite particularity under Fed. R. Civ. P. 9(b) and prevent Defendants from fully assessing the basis of Plaintiffs' claims. Defendant Proctor also contends that based upon his status as a court appointed receiver, he is entitled to quasi-judicial immunity.

On December 30, 2016, Plaintiffs and Defendants entered into a Stipulation and Order to Extend Case Deadlines (the "Stipulation") seeking similar relief as is sought in this Motion (extending the time to establish a discovery schedule until after a ruling has been made on the Motions to Dismiss). (ECF No. 54). On January 4, 2017, this Court denied the Stipulation without prejudice. (ECF No. 55). This Motion is filed in accordance with the Court's grant of leave for the parties to file a motion outlining a more detailed and specific reason for staying discovery in this matter. (EFC No. 55). In other words, this Motion addresses why it is more just under Fed. R. Civ. P. 1 for this Court to delay discovery in order to accomplish the inexpensive determination of the case. *See Tradebay, LLC v. Ebay, Inc.,* 278 F.R.D. 597, 603 (D. Nev. 2011).

The pending Motions to Dismiss detail why this case should, and likely will be disposed of, thus eliminating the need for discovery. By allowing discovery to proceed at this juncture, the parties' time and resources will be further squandered.

This case amply satisfies the standard to justify a stay. In deciding whether to stay discovery, the Court weighs the expense of discovery against "the underlying principle that a stay of discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The Court also considers whether the pending motion is potentially dispositive of the entire case and whether that motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This Motion warrants a stay under each consideration.

Defendants are confident that a cursory review of the Motions to Dismiss will convince the Court that Plaintiffs' action will not survive, and that a stay is warranted. The Motions to Dismiss address the fundamental issue of Plaintiffs' standing to assert their claims. Where standing is lacking, the action must be dismissed for want of jurisdiction. No discovery is needed to decide the pending Motions to Dismiss. For all these reasons, a stay pending adjudication of Defendants' motions is justified.

## II.   RELEVANT FACTUAL BACKGROUND

Metalast International, LLC ("Metalast"), established in 1994, was advertised as a company focused on a patented aluminum surface treatment technology and other specialized metal coatings and finishes. (ECF No. 1, Comp. at ¶¶ 45, 50.) Under its operating agreement, Metalast was operated and controlled by a managing member, Metalast International, Inc. (the "Manager") a single individual controlled the Manager. (*See* Ex. 1, Operating Agreement of Metalast International, LLC at 2, § 3.9, ECF No. 28-1.) Neither plaintiffs nor any of the Defendants ever controlled Metalast – the Manager always held that role. The Manager convinced over 900 individuals to invest over $90 million in Metalast, through both membership interests and loans, since its inception. (ECF No. 1, Compl. at ¶¶ 46, 51.) Both plaintiffs and the Meiling Defendants were among those who the Manager persuaded to contribute. (*Id.* ¶¶ 46, 47.)

Sadly, neither Plaintiffs nor the Meiling Defendants ever received the anticipated return on their investments from Metalast or the Manager. In April 2013, Metalast was named in a receivership action filed before Judge Gibbons in the Ninth Judicial District Court in Douglas County, Nevada (the "State Court") because Metalast had become "insolvent and in imminent danger of collapse." (ECF No. 28-2, Ex. 2, Order Granting Motion for Appointment of Receiver and Preliminary Injunction, 1:22-23.) The State Court found that appointing a receiver (Defendant Proctor) was "in the best interest" of Metalast to "conserve, preserve, protect and administer the Company's [Metalast's] assets" that remained (primarily intellectual property and goodwill). (ECF No. 28-2, Ex. 2 at 2:1-2; ECF No. 1, Comp. at ¶ 56.) And it held that, absent a

receiver, Metalast's remaining assets were "in danger of being materially injured." (ECF No. 28-2, Ex. 2 at 2:3.)

In October 2013, the State Court found that establishing procedures to bid on the sale of Metalast's remaining assets was "in the best interests of the Company, its creditors, and all parties of interest," including the other members (the Meiling Defendants and plaintiffs). (ECF No. 28-3, Ex. 3, Order (A) Preliminarily Approving Sale of Assets, (B) Approving Bid Procedures, & (C) Setting Sale Hearing at 1:22-25.) Metalast's members – including plaintiffs and the Meiling Defendants – were notified of the sale procedures and invited to submit bids or objections. (*Id.* at 2:3-24.) The State Court held that the receiver in fact had "notified known members" of the sale. (ECF No. 28-4, Ex. 4, Order Approving Sale of Assets to D&M-MI, LLC at 1:21-22.) Indeed, at least one of the named plaintiffs in this case – Marc Harris – appeared before the State Court to oppose the sale. (*See* Ex. 5, Opposition to Notice of Entry of Order filed by Marc Harris, ECF No. 28-5.)

In November 2013, after a full hearing and consideration of all objections, the State Court held that selling of certain of Metalast's assets to certain of the Meiling Defendants was "in the best interest of the receivership estate." (ECF No. 28-4, Ex. 4, at 6:5-8 and 26-28, 7:2-5.) The State Court also held that:

- There has been over $95 million invested by the Company's [Metalast's] members, and the accumulated losses of the Company exceed $119 million for an almost 20-year period;
- The Company has never made a profit from operations during its entire existence;
- There is evidence of self-dealing with the executives of the Company [the Manager and others not named as defendants in this lawsuit] in the form of excessive perquisite benefits, large travel and entertainment expenses, and reimbursements; and
- The excessive operating costs of the Company with limited revenue resulted in severe financial difficulty of the Company, to such an extent that it could not repay its current operating expenses and obligations and could not pay its past obligations.

(*Id.* at 5:10-20.) The State Court terminated the receivership by order dated December 19, 2013. (ECF No. 28-6, Ex. 6, Order Terminating Receivership at 6:15-16.)

None of Metalast's 900 members – plaintiffs here – challenged the State Court's rulings in the 2013 receivership through post-judgment motions or an appeal in the Nevada state courts.

Rather, three years later, plaintiffs filed the Complaint in this Court on October 3, 2016. The Complaint alleges eleven claims against the Defendants. All of the claims allege the same supposed "fraudulent scheme" to "convert, take, or acquire the assets of" Metalast. (*See generally*, Comp., ECF No. 1.) The Meiling Defendants, their attorney in the State Court (Defendant Chubb), and the State Court-appointed receiver (Defendant Proctor) allegedly engaged in "malicious and despicable conduct" by filing the receivership action that "culminated" in certain of the Meiling Defendants' purchase of certain of Metalast's assets after the bid process that was approved and overseen by the State Court. (*Id.* ¶¶ 54-58, 89.) The Complaint seeks damages of over $90 million (*id.* at ¶ 59) – the entire amount allegedly invested in Metalast throughout its 20-year existence.

### III.  ARGUMENT

The District of Nevada supports stays of discovery while dispositive motions are pending under its broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). In so ruling, the Court further recognized that "[d]iscovery is expensive." *Id*.

With Rule 1 as its "prime directive, this Court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Id*. at 603. Additionally, the Court "inevitably must balance the harm produced by a delay in discovery against the possibility that a dispositive motion will be granted and entirely eliminate the need for such discovery."

*Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3-4 (D.D.C. 2001) (internal quotation omitted); *see also Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) affd., 87 F. App'x 713 (11th Cir. 2003); *Ass'n Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716 (S.D.N.Y. Mar.16, 1999); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). The Court weighs the expense of discovery against "the underlying principle that a stay of discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Foley v. Pont*, 2:11-CV-01769-ECR, 2012 WL 2503074, at *6 (D. Nev. June 27, 2012).

This Court has embraced the approach and analysis set forth in *Money v. Banner Health*, Civil No. 3:11-cv-00800-LRH-WGC, 2012 WL 1190858, at *5 (D. Nev. Apr. 9, 2012) (citing *Tradebay, LLC v. eBay*, Inc., 278 F.R.D. 597, 603 (D. Nev. 2011)). Arriving at this determination "often requires a magistrate judge to take a 'preliminary peek' at the motion that is pending before the district judge." *Chartis Specialty Ins. v. Gemstone LVS, LLC*, 2:11-cv-1669-MMD-CWH, 2012 WL 3277086, at *2 (D. Nev. Aug. 8, 2012). The Court also considers whether the pending motion is potentially dispositive of the entire case and whether that motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013).

As the Court will see from taking a "peek" at Defendants' Motions, Plaintiffs cannot maintain this lawsuit. Justice strongly favors postponing discovery while the dispositive motions are pending. Moreover, the Motions are potentially dispositive of the entire action and do not require any discovery to decide them.

**A.     The Pending Motions Are Potentially Dispositive of the Entire Case.**

In weighing the objectives of Rule 1 to determine whether a stay is appropriate, the Court considers whether the pending motion is potentially dispositive of the entire case. *Ministerio Roca Solida v. U.S. Dept of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). Here, Defendants' Motions to Dismiss will potentially (and likely) dispose of the entire case.

The Motions to Dismiss demonstrate that there are numerous deficiencies in the Complaint that compel its dismissal:

First, the Complaint constitutes an impermissible attempt by the Plaintiffs to re-litigate a state court receivership of Metalast. Under the guise of seeking money damages, the Complaint effectively asks this Court to revisit, and reject, numerous holdings by the state court. Plaintiffs are precluded, however, from re-litigating the State Court's rulings through the claims alleged in the Complaint. A district court may not exercise jurisdiction over constitutional claims that are "inextricably intertwined" with claims decided in state court proceedings. *Estes v. Gaston,* 2012 U.S. Dist. LEXIS 164045 (D. Nev., Nov. 5, 2012). In this matter, the underlying allegations are inextricably intertwined with the Receivership Proceedings and this Court should abstain from exercising jurisdiction over the claims contained in the Complaint.

Second, Plaintiffs lack standing as the claims contained in the Complaint are derivative claims – not direct claims that can be asserted by the individual defendants. All of the allegations contained in the Complaint describe harm suffered by *Metalast* and not by Metalast's members (the putative plaintiff class) directly and individually. Plaintiffs filed the Complaint in their individual capacities, but assert claims that are properly asserted only by Metalast. Plaintiffs lack standing to assert claims derivatively on behalf of Metalast.

Third, Plaintiffs' claims are based on a singular alleged "fraudulent scheme." Yet the Complaint's allegations are devoid of virtually any specifics about this supposed scheme, despite the requirements of Rule 9(b).

Fourth, Defendants have argued that the Court lacks jurisdiction because the Class Action Fairness Act's relaxed diversity provisions do not apply to an internal dispute among members of an LLC.

Fifth, the Complaint also fails to sufficiently allege other elements of its claims: it alleges no lack of good faith, no special or fiduciary duty, no converted property, and no unjust enrichment. Indeed, the Complaint lacks sufficient facts to ascertain that it was timely filed under applicable statutes of limitations.

Sixth, Defendant Proctor contends that the Complaint's claims asserted against him should be dismissed because he is entitled to quasi-judicial immunity based on his status as a court appointed receiver.

Defendants' Motions potentially dispose of the entire action, and therefore satisfy this consideration in favor of a stay. And, importantly, they address the very jurisdiction of this Court to hear this matter. Generally, "a pending motion challenging jurisdiction strongly favors a stay, or at a minimum, limitations on discovery until the questions of jurisdiction are resolved." *AMC Fabrication Inc. v. KRD Trucking West, Inc.*¸ 2012 U.S. Dist Lexis 146270, *5-6 (D. Nev. Oct. 10, 2012) (addressing a motion filed based upon the lack of personal jurisdiction over the defendant).[3]

**B.     The Pending Motions Can and Should Be Decided without Additional Discovery.**

When ruling on a stay, the Court may consider whether the pending motion can be decided without additional discovery. *Ministerio Roca Solida*, 288 F.R.D. at 506. Defendants' Motions not only can, but should be decided without additional discovery. First, the Motions are fully briefed. Moreover, the motions are for dismissal, filed under Rule 12. They are based on the legal and pleading insufficiencies of the Complaint and Plaintiffs' claims themselves – not on the underlying factual record. Much of the additional information provided by Plaintiffs in their Opposition was simply inadmissible, ranging from improper, unauthenticated, exhibits on which the Opposition relies, to declaration provided by counsel and others.

To permit discovery to begin prior to ruling on the Motions would be premature. Moreover, it would encourage the filing of baseless complaints, Rule 11 notwithstanding, just so that plaintiffs could engage in wasteful "fishing expeditions" in the hopes of finding something to put into an amended complaint.

---

[3] Additionally, resolution of the Motions to Dismiss may further reveal the inappropriateness of class certification in this matter. Pursuing class discovery and certification briefing, therefore, is also inappropriate until determination of which claims, if any, survive dismissal.

A stay would harm no one—there is no danger of evidence spoliation or the like. Failing to stay discovery would result in unneeded and unwanted costs and burdens on all parties at this point in time, since the instant case would either be on hold or no longer exist in this Court. As such, Defendants request that all discovery be stayed until the District Court Judge decides what discovery, if any, is needed.

### C. Commencing Discovery Would be Expensive, Slow, and Unjust.

As discussed, Defendants believe that all of Plaintiffs' claims will be dismissed. Commencing discovery on those claims now, therefore, would subject Defendants (and Plaintiffs, under the applicable fee shifting agreement) to burdensome electronic and paper discovery costs and additional motion practice. Moreover, it would be unjust to force Defendants to engage in costly discovery in a Court that Defendants contend lacks jurisdiction, against Plaintiffs that Defendants contend lack standing, and involving claims that Defendants contend are lacking any particularity.

Even if certain of Plaintiffs' claims survive dismissal, there can be no certainty that the parties' discovery would be applicable to those remaining issues. The parties thus may be forced to retool, and effectively restart, their discovery efforts after a ruling on the Motions to Dismiss, if the case is not entirely dismissed. Proceeding with discovery now, therefore, would actually slow the case and render it more expensive than waiting until after the Motions to Dismiss are decided.

## IV. CONCLUSION

Where a dispositive motion to dismiss is amply supported, meritorious, and disposes of the entire action, a stay of discovery is warranted to allow such a motion to be adjudicated without prejudice. Allowing discovery to proceed in the meantime will only unnecessarily add to the burden shouldered by all parties. As a result of all of the foregoing, Defendants respectfully request that class certification, discovery, case management reports, Fed. R. Civ. P. 26 requirements, initial and expert disclosure, summary judgment, and trial related deadlines be extended and that the Court order that the Parties file a status update and proposed schedule

within 14 calendar days after a ruling is entered on the Motions to Dismiss, as to all remaining claims and parties.

Dated this 13th day of January, 2017.

| | |
|---|---|
| HOLLAND & HART LLP | SANTORO WHITMIRE |
| */s/ Tamara Reid* | */s/ Oliver J. Pancheri* |
| TIMOTHY A. LUKAS (NBN 4678) | NICHOLAS J. SANTORO (NBN 532) |
| ROBERT C. RYAN (NBN 7164) | OLIVER J. PANCHERI (NBN 7476) |
| TAMARA REID (NBN 9840) | 10100 W. Charleston Blvd., Suite 250 |
| 5441 Kietzke Lane, Second Floor | Las Vegas, Nevada 89135 |
| Reno, Nevada 89511 | Tel.: (702) 948-8771 / Fax: (702) 948-8773 |
| Tel. (775) 327-3000 / Fax: (775) 786-6179 | Email: nsantoro@santoronevada.com |
| Email: tlukas@hollandhart.com |          opancheri@santoronevada.com |
|          rcryan@hollandhart.com | |
|          treid@hollandhart.com | *Attorneys for Defendant Janet Chubb* |

*Attorneys for Defendants*
*Dean Meiling, Madylon Meiling, Chemeon Surface Technology, LLC, Metalast Surface Technology, LLC, D&M-MI, LLC, DSM Partners, Ltd., and Meiling Family Partners, Ltd.*

HARTMAN & HARTMAN

*/s/ Jeffrey L. Hartman*
JEFFREY L. HARTMAN (NBN 1607)
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
Tel. (775) 324-2800 / Fax: (775) 324-1818
Email: notices@bankruptcyreno.com

*Attorneys for Defendants*
*James Proctor and Meridian Advantage*