David S. Lee, NV State Bar No. 6033
Michael Kostrinsky, NV State Bar No. 4655
LEE, HERNANDEZ, LANDRUM & GAROFALO
7575 Vegas Drive, Suite 150
Las Vegas, NV 89128
Telephone: (702) 880-9750
DLee@Lee-Lawfirm.com
MKostrinsky@Lee-Lawfirm.com
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JERRY ALEXANDER, MARTY COHEN, CHARLES DELLE DONNE, RICHARD SCOTT ELDER, ARNIE GETTELSON, MARC HARRIS, JERRY HOLLANDER, ELIAS KASSOUF, JEFF MACKINEN, DON MARSHALL, JERRY McDONALD, RON MELANSON, KEN MILES, MARVIN MILLS, MARC MORIN, ROBERT PARKER, DENNIS POULSEN, RON SMITH, ANDREW TANNER, CRAIG TIEFENTHALER, VIRGINIA WALLACE, and GERALD WOLFE, on behalf themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DEAN MEILING, MADYLON MEILING, JAMES PROCTOR, JANET CHUBB, individuals, CHEMEON SURFACE TECHNOLOGY, LLC, METALAST SURFACE TECHNOLOGY, LLC, D&M-MI, LLC, DSM PARTNERS, LTD., MEILING FAMILY PARTNERS, LTD., and MERIDIAN ADVANTAGE<br><br>Defendants. | Case No.: 3:16-cv-00572-MMD-VPC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO EXTEND CASE DEADLINES** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION
TO EXTEND CASE DEADLINES**

Plaintiffs, through their counsel of record, the law firm of Lee, Hernandez, Landrum & Garofalo hereby submit Plaintiffs' Opposition to Defendants' Joint Motion to Extend Case Deadlines. This opposition is based on the below Memorandum of Points and Authorities and its exhibit, the pleadings and papers within the Court's file, and oral argument should a hearing be scheduled.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.)     Introduction

Defendants Joint Motion to Extend Deadlines (hereinafter the "Motion to Extend") should be denied because:

1) there is very little chance that this case will be completely dismissed by reason of the currently pending motions to dismiss, and thus a complete stay of all discovery would place it well behind the goal of satisfying the three year trial mandate described by the Court during the recent Case Management Conference. Additionally, unlike *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D.Nev. 2011), in the unlikely event the Court determines there are insufficient facts, or insufficient particularity, leave to amend has been requested.

2) there are issues which have recently become known which make spoliation of key evidence by Defendants (which hold virtually all of the documentary evidence), a paramount concern and place Plaintiffs in a precarious and unfair position if this Court allows a complete stay of this case pending a decision on the motions to dismiss.

However, as set forth in further detail, *infra*, Plaintiffs are not adverse to a limited discovery protocol which protects it from the spoliation concerns and moves the document production portion of discovery along in a normal and prudent course.

### II.)    ARGUMENT

On January 4, 2017, this Court denied a stipulation[1] to stay deadlines, including discovery and class certification, on the basis of a history of case law where defendants, similar to this case,

---

[1] At the time the denied stipulation was entered into Plaintiffs did not have all of the facts encompassing allegations of fraud against several of the moving defendants concerning actions surrounding trademark litigation in a case presently before this Court as Case No. 3:15-cv-00294-MMD-VPC. Additionally, Plaintiffs did not have

2

were seeking dismissal on Fed.R.Civ.P. 12(b)(6) grounds, and primarily Fed.R.Civ.P. 9(b) particularity grounds. In such cases, where it was likely that the underlying case would survive the motions to dismiss, in one form or another, stays often caused unwarranted delay. *See* ECF 55, and *Tradebay*, 278 F.R.D. 597. Despite the Court's January 4, 2017, ruling and explanation, nothing in Defendants' pending Motion to Extend indicates that this case will not survive the underlying motions to dismiss. Even considering the change in Defendants' arguments since Plaintiffs' oppositions to the motions to dismiss were filed, as explained in further detail, *infra*, the standard is not close to being satisfied.

**IIa.)   The Complaint Will Survive the Motions to Dismiss**

In the Motion to Extend, Defendants' sole position is that since there are merely "arguments" that allow the entire case to be dismissed, regardless of a lack of merit, the entire case, therefore, should be stayed until the Court issues its decision.

To try to convince the Court that there is a chance of a complete dismissal, the Defendants change their prior position and now claim that this case is merely premised on the allegation that the Defendants simply "engaged in malicious and despicable conduct by filing the receivership action". *See* Defendants motion, ECF 58 at 6:6-8. Since there is nothing wrong with filing a state court receivership action, the Defendants argue, they did nothing wrong and hence, there is no federal case to be had. However, this new argument is far from what is being alleged. This case can be summarized as a rather simple breach of contract/breach of good faith case against the Meiling Defendants[2], that was accomplished through conspiracy and fraudulent conduct with the co-defendants. Defendants continuous reference to a state court receivership action, as if it were some

---

significant facts concerning "consulting agreements" entered into between co-defendants in other litigation, and attempts to stifle discovery under the guise of these "consulting agreements". *See*, infra, and Exhibit 1.

[2] The Meiling Defendants have been referred to in this case as Dean Meiling, Madylon Meiling, Meiling Family Partners, Ltd., Chemeon Surface Technology, LLC, Metalast Surface Technology, LLC, D&M-MI, LLC, and DSM Partners, Ltd.

3

sort of laundromat to wash the fraudulent conduct, is disingenuous at best, and wrong as a matter of law.

As mentioned above, within the Motion to Extend, Defendants argue that since they have argued complete dismissal grounds in their motions to dismiss, discovery and other matters should be stayed. However, when looking further into these "complete dismissal" arguments, they are weak at best. Not only are the "complete dismissal" arguments weak, but the underlying Motion to Extend attempts to mislead the Court concerning them. For example, the Motion to Extend claims "Defendants have argued that the Court lacks jurisdiction because of the Class Action Fairness Act…". *See* ECF 58 at 8:21-22. However, it is actually one defendant, in solitude, seeking a dismissal based on the improper assertion of a rarely used CAFA exception. This limited exception, which has been used only in rare and specific situations to dismiss CAFA cases that, for example, challenge a company's dividend policy, is an exception that is inapplicable to the allegations of this Complaint, and its shortcomings have been exposed in Plaintiffs' opposition to the Meiling's motion to dismiss. *See* ECF 45 at 7-10.

Another defendant, James Proctor, seeks a "complete dismissal", not on the allegations against him, but on quasi-judicial immunity. Defendant Proctor seeks to hide behind an immunity doctrine addressed to court officials, hoping the Court will ignore that the application of such immunity in this case would cloak fraudulent conduct engaged in <u>before</u> becoming a receiver, something for which this immunity doctrine was not intended. What is even more telling about this so-called "independent" officer of the court theory, is defendant Proctor's continuing relationship (a relationship that is alleged in the complaint to have started before becoming a receiver) with the Meiling Defendants. Counsel for the Meiling Defendants in this case is also the same counsel for several of the Meiling Defendants in another case currently pending before this Court, that being Case No. 3:15-cv-00294-MMD-VPC.   Case No. 3:15-cv-00294-MMD-VPC involves allegations

4

associated with a trademark concerning the name "Metalast" (hereinafter the "Metalast Trademark Case"). In the Metalast Trademark Case the Meilings' counsel signed defendant James Proctor to a "consultant agreement". According to James Proctor's deposition transcript in the Metalast Trademark Case, the Meiling Defendants have used this "consulting agreement" to instruct defendant James Proctor not answer numerous deposition questions in the Metalast Trademark Case, questions which may impact this case. *See* Exhibit 1 which contains excerpts from James Proctor's September 29, 2016, deposition in the Metalast Trademark Case. For example, the following transpired when Defendant James Proctor in this case, was asked the following as a witness in the Metalast Trademark Case:

```
       Q     When were you first engaged by Holland & Hart or
17   particular individual lawyers within Holland & Hart to
18   provide, shall we call it litigation support for this case?
19        A     Again, that July or August of 2016.
20        Q     Give me an overview of the work that you have
21   done since July or August of 2016 that relates to the LLC.
22        MS. REID:  Same objection, counsel.
```

*Id.* at 51:16-23.

```
       Q     Have you gone back and looked at the QuickBooks
 3   database for the LLC since July of 2016?
 4     MS. REID:  Same objection.
 5     THE WITNESS:  And I would refuse to answer that
 6                   question.
 7   BY MR. HOY:
 8        Q     On what basis?
 9        A     The same.
10        Q     Attorney-client privilege?
11        A     Or work product or whatever legal.
```

Id. at 52:2-11.

```
       Q     Is it possible that there were a series of
18   e-mail correspondence between you and other parties related
19   to the Metalast International, LLC, receivership that were
20   never printed out and were never converted to text files?
21        A     That's possible.  I delete a lot of e-mails.  I
22   don't like to keep them around.
```

5

*Id.* at 70:17-22. The mere fact that such an attempt to "take a witness off the shelf" more than implies problems and concerns the Defendants have within this case.

```
    Q    So evidently the game is you just go find a
 7  percipient witness and then hire them as a consultant so they
 8  don't have to testify about the case?
 9         MS. REID:  Objection.  Argumentative.
10         MR. HOY:  That's pretty cute.
11         THE WITNESS:  Mr. Hoy, I don't know.  I'm just
12  sitting here answering deposition questions today.
13         MR. HOY:  Only you're not answering the
14  questions.
```

*Id.* at 98:6-14.

Other "complete dismissal" arguments are that the contracting parties (the Plaintiffs) versus contracting parties (the Meiling defendants) claims of breach of contract and breach of good faith within a written, express contract between themselves, somehow were magically transformed into a derivative claim, and that the actual contracting parties cannot enforce a breach of the very contract they were parties to. Like the CAFA and immunity arguments, the derivative argument fails.

The last "complete dismissal" argument addresses the doctrine of preclusion. These arguments stem from assertions that Plaintiffs, who were not parties to the state court receivership action, were not served with the state court receivership complaint, and did not receive notice of the state court receivership action, somehow were required to assert their claims in that action. Defendants' argument would surmise that these claims, even though some had not yet arisen nor the underlying facts not yet known, nonetheless were required to have been asserted in the prior action. Again, after this court sees through the smoke screen within the motions to dismiss, it will likewise determine that the preclusion arguments are without merit.

6

Finally, the Defendants try to fall back on a generic Fed.R.Civ.P. 9(b) particularity argument, although not a "complete dismissal" theory. This, despite the fraudulent scheme being identified in the complaint, not only to plan but to parties, Defendants claim they need more information in order to respond. In fact Defendant Proctor deemed the allegations to be "a sham". *See* ECF 32 at 2:26. In Plaintiffs' opposition, it gathered emails produced by Defendant Proctor via subpoena within the Metalast Trademark Case, along with excerpts of sworn testimony from percipient witnesses within, and outside of, the Metalast Trademark Case, all painting a colorful picture of the activities and conspiracies. Glaringly, none of the Defendants dispute the documents, not even the party declaring this case a sham. Rather, these Defendants ask the Court to disregard them as they consist of a "declaration by counsel" and somehow are "improper". *See* Motion to Extend Case Deadlines, ECF 58 at 9:18-20. However, these documents were not a "declaration of counsel", they are actuals emails produced by Defendant Proctor, under court order, documenting the fraudulent scheme and supporting the allegations of the Complaint. Although not likely, should the Court believe the Complaint needs to be amended to add further details of the fraud, such as those set forth in the emails and related documents, the Complaint, if necessary, can be quickly amended.

IIb.)   **Spoliation of Evidence Concerns**

As mentioned, *infra*, some of the defendants in this case (i.e. Dean Meiling, Madylon Meiling and Chemeon Surface Technology, LLC) are currently subject to another United States District lawsuit in this Court, that being the Metalast Trademark Case. Within the Metalast Trademark Case these same defendants are accused of engaging in fraudulent activity concerning phantom documents being filed with the United States Patent and Trademark Office, to assist its claims within that case. Claims of such fraudulent activity within the Metalast Trademark Case litigation give Plaintiffs grave concern that the documents the Meiling Defendants and Defendant

Proctor possess, which are the majority, if not all, of the documents that have a bearing on the allegations in this case, are subject to spoliation.

Taking the fraudulent activity assertions along with the Meiling Defendants-Defendant Proctor "consulting agreements" with counsel, and you have glaring concerns about staying the opportunity to obtain key evidence in this case.

Based on the foregoing, Plaintiffs oppose the Motion to Extend Case Deadlines.

### III) **Potential Resolution**

Plaintiffs understand that it is possible some of the eleven claims may be dismissed. Likewise, it is possible that Court determines an amendment of the Complaint is necessary. In such a situation, additional discovery would stem from the amended complaint.

Plaintiffs have no desire to engage in discovery of claims that are dismissed (not the complaint, nor the parties, just claims). However, there is a concern over the spoliation of documents, as mention *supra*. Therefore, Plaintiffs would propose the following:

1) The parties provide complete Fed.R.Civ.P. 26 disclosures, and file a discovery plan which allows Fed.R.Civ.P. 34 document discovery to proceed, which includes all parties having to produce relevant documents related to Metalast International, LLC and Metalast International, Inc., including financial data,

2) Other than the production of documents addressed in item 2, above, discovery and class certification be stayed until a decision from the Court on the motions to dismiss,

3) The Court hold a Case Management Conference in 90 days.

### IV) **Conclusion**

Based on the foregoing, Defendants' Joint Motion to Extend Case Deadlines should be denied. If warranted, Plaintiffs would agree to a modified extension, so long as the document

/ / /

spoliation concerns are alleviated.

DATED: January 27, 2017.

LEE, HERNANDEZ, LANDRUM, & GAROFALO

By: _____
DAVID S. LEE, ESQ. (6033)
MICHAEL KOSTRINSKY, ESQ. (4655)
7575 Vegas Drive, Suite 150
Las Vegas, NV 89128
Telephone: (702)880-9750
Attorneys for Plaintiffs