UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JERRY ALEXANDER, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br>DEAN MEILING, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:16-cv-00572-MMD-CLB<br><br>ORDER |

Plaintiffs, investors in Metalast International, LLC ("Metalast"), initiated this putative class action against Defendants, other investors in Metalast and their alleged co-conspirators, for purportedly engaging in a fraudulent scheme to take Metalast through a receivership proceeding and win control of Metalast from Plaintiffs, at a discount, and without compensating Plaintiffs. (ECF No. 1 at 10-11.) Defendants prevailed both before this Court and on appeal. In pertinent part, the United States Court of Appeals for the Ninth Circuit ordered the Court to award Defendants their reasonable attorneys' fees. (ECF No. 227 at 6.) The Court accordingly directed Defendants to file an affidavit supporting the reasonableness of the fees they won, and gave Plaintiffs the opportunity to object. (ECF No. 230.) Defendants filed their affidavit (ECF No. 231), and Plaintiffs filed their objections (ECF No. 233).[1] As further explained below, the Court overrules Plaintiffs' objections and will award Defendants their requested fees.

Defendants support the reasonableness of their fees request with affidavits from their counsel, copies of spreadsheets reflecting the tasks performed by their counsel and the amounts charged for them, and argument directed to the factors described in LR 54-14 and *Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31, 33 (Nev. 1969). (ECF Nos. 231,

---

[1] Defendants then filed a response to Plaintiffs' objections. (ECF No. 235.)

231-1, 231-2; *see also* ECF Nos. 184, 184-1, 184-2, 184-3, 184-4, 184-5, 184-6, 185, 185-1.) The Court agrees with Defendants' overall contention that their requested fees are reasonable based on their submissions.

Plaintiffs first object that Defendants had partners do work that associates could have done resulting in overbilling. (ECF No. 233 at 3-8.) Plaintiffs twice presented this argument to the Ninth Circuit in their appeals from this case, and the Ninth Circuit twice rejected it. (ECF Nos. 243 at 5, 244 at 3.) The Court rejects this argument for the same reason the Ninth Circuit rejected it. (*Id.*)

Plaintiffs next object that Defendants' spreadsheet exhibits showing what their counsel spent time on are so heavily block billed and redacted that it is impossible for the Court to judge whether their request for fees is reasonable. (ECF No. 233 at 8-12.) Having reviewed the spreadsheets, the Court disagrees. (ECF Nos. 184-1, 185-1, 231-1.) And while it is true that the time entries contain some redactions, the Court can still generally tell what work was performed for each time entry (*see generally id.*), and Defendants' counsel are entitled to redact attorney-client privileged and work product material from the time entries they submit to the Court. *See Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004).

And that brings the Court to Plaintiffs' broader objection, which is that Defendants overbilled by spending an unreasonable amount of time on the various tasks documented in the spreadsheets they submitted for the Court's review. (ECF No. 233.) But Plaintiffs present no standard or caselaw to judge whether the amount of time Defendants spent was unreasonable, nor do Plaintiffs present any specific argument as to why the individual time entries they call out in their objection were unreasonable. The Court will not scrutinize each time entry Plaintiffs object to where, as here, Plaintiffs have not even tried to explain why each one was unreasonable.

Plaintiffs' argument attempting to put a cost on each word Defendants wrote in their filed briefs is also unpersuasive because it often takes longer to effectively write something shorter. (ECF No. 233 at 2.) This concept is axiomatic. At least one footnoted website

attributes it to "the French mathematician and philosopher Blaise Pascal[,]" who, in 1657, wrote in a letter the sentence (roughly translated), "I have made this longer than usual because I have not had time to make it shorter." *See* Quote Investigator, *If I Had More Time, I Would Have Written a Shorter Letter* (Apr. 28, 2012), https://perma.cc/M66G-ZPAC. The number of words Defendants' counsel filed with the Court is not a reasonable standard to judge the reasonableness of their requested fees. Plaintiffs' general argument that Defendants could have taken less time is indeed impossible to meaningfully evaluate beyond being merely unpersuasive.

In sum, the Court overrules Plaintiffs' objections and will award Defendants their requested fees.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants are entitled to attorneys' fees from Plaintiffs in the amount of $748,397.25.

The Clerk of Court is directed to enter judgment (ECF No. 181) in favor of Defendants on their requested fees accordingly and close this case.

DATED THIS 7th Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE